**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**ORANGEBURG DIVISION**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) ) ) | **CIVIL ACTION NO.  5:09-2067-MBS-JRM** |
| **Plaintiff,** | ) ) | |
| | ) | **COMPLAINT** |
| **v.** | ) ) | |
| **ALTERNATIVE STAFFING, INC. and CLANCY & THEYS CONSTRUCTION CO.,** | ) ) ) ) | **JURY TRIAL DEMAND** |
| **Defendants.** | ) ) ) | |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Shequann Singleton, Tasha Collier, Tomeka Sanders and other similarly situated females who were adversely affected by such practices.  As more fully described below, Plaintiff Equal Employment Opportunity Commission ("Plaintiff" or the "Commission") alleges that Shequann Singleton, Tasha Collier, Tomeka Sanders and other similarly situated females were sexually harassed and subjected to a hostile work environment while working for Defendants Alternative Staffing, Inc. and Clancy & Theys Construction Co., because of their sex, female.  Plaintiff further alleges that Defendant Alternative Staffing constructively discharged Singleton, Collier and Sanders because of their sex.  Finally, Plaintiff alleges that Defendant Clancy & Theys interfered with the equal employment opportunities of Singleton, Collier, Sanders and other similarly situated females.

## JURISDICTION AND VENUE

1.　　　Jurisdiction of this court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3)("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.　　　The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of South Carolina.  This lawsuit is being filed in the Orangeburg Division because a substantial part of the events or omissions giving rise to the claims alleged in this suit occurred within the Orangeburg Division.

## PARTIES

3.　　　Plaintiff Equal Employment Opportunity Commission is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.　　　At all relevant times, Defendant, Alternative Staffing, Inc., ("Defendant Alternative Staffing") a temporary employment agency, has continuously been a South Carolina corporation doing business in the State of South Carolina and the City of Orangeburg, and has continuously had at least fifteen (15) employees.

5.　　　At all relevant times, Defendant Alternative Staffing has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g) and (h).

6.　　　At all relevant times, Defendant Clancy & Theys Construction Co. ("Defendant Clancy & Theys") has continuously been a North Carolina corporation doing business in the

2

State of South Carolina and the City of Orangeburg, and has continuously had at least fifteen

(15) employees.

7.      At all relevant times, Defendant Clancy & Theys has continuously been an

employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g)

and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g) and (h).

STATEMENT OF CLAIMS

8.      At all relevant times, Defendant Alternative Staffing provided temporary laborers

to its client Defendant Clancy & Theys.

9.      At all relevant times, Defendant Alternative Staffing was the direct employer of

Shequann Singleton, Tasha Collier, Tomeka Sanders and other similarly situated females who

are, or will become a part of this litigation.

10.      Defendant Alternative Staffing assigned Shequann Singleton, Tasha Collier,

Tomeka Sanders and other similarly situated females who are, or will become a part of this

litigation to work for Defendant Clancy & Theys as laborers, at Defendant Clancy & Theys'

worksite in Orangeburg, South Carolina.

11.      At all relevant times, Defendant Clancy & Theys exhibited sufficient control over

the employment, the work assignments, and the work environment of Shequann Singleton, Tasha

Collier, Tomeka Sanders and the other similarly situated females to be considered an "employer"

of said females within the meaning of Title VII, 42 U.S.C. §§ 2000e, *et seq*.  Accordingly,

Defendant Clancy & Theys and Defendant Alternative Staffing were "joint employers" of

Singleton, Collier, Sanders and the other similarly situated females who are, or will become a

part of this litigation.

3

12.     More than thirty days prior to the institution of this lawsuit, Shequann Singleton, Tasha Collier, and Tomeka Sanders filed charges with the Commission alleging violations of Title VII by Defendant Alternative Staffing.  All conditions precedent to the institution of this lawsuit have been fulfilled as to Defendant Alternative Staffing.

13.     From around June 2006 through at least July 12, 2006, Defendant Alternative Staffing engaged in unlawful employment practices at Defendant Clancy & Theys' worksite located in Orangeburg, S.C., in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a). Specifically, Defendant Alternative Staffing subjected Shequann Singleton, Tasha Collier, Tomeka Sanders and other similarly situated females to sexual harassment that created a sexually hostile work environment based on their sex, female.  The sexual harassment was severe or pervasive and included, but was not limited to, unwelcome sexual comments, sexual requests and sexual touching.  The sexual harassment was perpetrated by a labor foreman of Defendant Clancy & Theys who supervised Singleton, Collier, Sanders and the other similarly situated females, and by employees of a third-party contractor performing work at Defendant Clancy & Theys' worksite to which Singleton, Collier, Sanders and the other similarly situated females were assigned.

14.     More than thirty days prior to the institution of this lawsuit, Shequann Singleton and Tasha Collier filed charges with the Commission alleging violations of Title VII by Defendant Clancy & Theys.  All conditions precedent to the institution of this lawsuit have been fulfilled as to Defendant Clancy & Theys.

15.     From around June 2006 through at least July 12, 2006, Defendant Clancy & Theys engaged in unlawful employment practices at its worksite located in Orangeburg, SC in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a).  Specifically, Defendant Clancy

& Theys subjected Shequann Singleton, Tasha Collier, Tomeka Sanders and other similarly

situated females to sexual harassment that created a sexually hostile work environment based on

their sex, female.  The sexual harassment was severe or pervasive and included, but was not

limited to, unwelcome sexual comments, sexual requests and sexual touching.  The sexual

harassment was perpetrated by a labor foreman of Defendant Clancy & Theys who supervised

Singleton, Collier, Sanders and the other similarly situated females, and by employees of a third-

party contractor performing work at the worksite to which Singleton, Collier, Sanders and the

other similarly situated females were assigned.

  16. The sexual harassment to which Singleton, Collier, Sanders and the other

similarly situated females were subjected at the Clancy & Theys' worksite included, but was not

limited to, the following:

   a. Shequann Singleton was subjected to unwelcome and severe sexual

    comments, requests for sexual favors and sexual touching from about July 3 to

    July 10, 2006.  For example, a male supervisor of a third-party contractor at

    Defendant Clancy & Theys' worksite, asked if he could "titty-fuck" Singleton,

    asked Singleton if he could feel her buttocks to see if they were soft, and

    asked what she would do for him if he gave her money.  The supervisor made

    unwelcome sexual comments to Singleton about three times every day during

    her employment.  The same supervisor also grabbed Singleton's buttocks and

    breasts.  Additionally, a labor foreman employed by Defendant Clancy &

    Theys who supervised Singleton, Collier and Sanders, made comments about

    Singleton's breasts and on at least one occasion grabbed Singleton's breast.

    Singleton objected to the sexual comments and conduct, told the third-party

5

contractor's supervisor to leave her alone and hit the Defendant Clancy &

Theys' labor foreman when he grabbed her breast in protest of the conduct.

Beginning around July 3, 2006, and continuing almost every day of her

employment at Defendant Clancy & Theys' worksite, Singleton complained to

Defendant Alternative Staffing's office manager about the sexual conduct and

comments she and other females were being subjected to, including that she

(Singleton) did not like it.  Singleton asked to be transferred to another

worksite because of the harassment, but her request was denied.  Defendant

Alternative Staffing indicated that it would notify Defendant Clancy & Theys

about the sexual harassment.  Despite Singleton's complaints, she continued

to be subjected to the unwelcome sexual harassment.

b.  Tasha Collier was subjected to unwelcome and severe sexual comments,

requests for sexual favors and sexual touching from about June 29, 2006 to

July 11, 2006.  For example, a male employee of a third-party contractor at

Defendant Clancy & Theys' worksite grabbed Collier's hand and tried to

force her to touch his crotch.  Collier immediately reported this conduct to

Defendant Clancy & Theys' labor foreman and to Defendant Alternative

Staffing's office manager.  Collier was also subjected to unwelcome sexual

comments by the same supervisor of a third-party contractor who sexually

harassed Singleton.  The male supervisor made comments to Collier such as

"do you got a boyfriend?" and "what type of underwear do you wear?"  The

male supervisor also told Collier that she had a nice "booty (buttocks)" and

nice breasts.  The male supervisor also hit Collier on the buttocks and/or

6

grabbed her breast about four or five times a day. Collier told the male supervisor to stop his conduct, but the conduct continued. Collier was also sexually harassed by the same Defendant Clancy & Theys' labor foreman who harassed Singleton. Comments made by the labor foreman included, but were not limited to, "you pretty little black girl, I want to take you out" "what size panties do you wear?" "do you do oral sex?" "how much pubic hair do you have?" "do you shave?" and "you have big nipples." The labor foreman also hit Collier on her buttocks and grabbed her breast about three or four times every day. On or about July 11, 2006, the labor foreman grabbed Collier, reached into Collier's pants and touched her vagina; all the while Collier was yelling and struggling to get away. On or about June 29, 2006, Collier complained to Defendant Alternative Staffing's office manager about the sexual harassment. Also, beginning around June 29, 2006, and continuing almost every day of her employment at Defendant Clancy & Theys' worksite, Collier complained about the ongoing sexual harassment of herself and other female employees to the sales person for Defendant Alternative Staffing who served as the liaison between Defendant Alternative Staffing and its client, Defendant Clancy & Theys. Again, Alternative Staffing took no action to stop the harassment. Like Singleton, Collier asked to be transferred to another worksite because of the harassment, but her request was denied. Despite Collier's complaints, she continued to be subjected to the unwelcome sexual harassment.

7

c. Tomeka Sanders was subjected to unwelcome and severe sexual comments, requests for sexual favors and sexual touching from about July 3 to July 12, 2006. Sanders was subjected to sexual comments by the same male supervisor of a third-party contractor at the Clancy & Theys worksite as Singleton and Collier. The supervisor's comments included, but were not limited to, "oh, you got a big butt" and "can I get in those drawers (panties)?" The supervisor made the comments 9 to 10 times each day and directed them at the females on the crew. Sanders saw the same supervisor touch Singleton, Collier, and other similarly situated females on their breasts and buttocks on several occasions. Because of the supervisor's touching of other female employees, Sanders tried to avoid being around the supervisor. In addition, Sanders was sexually harassed by the same Defendant Clancy & Theys' labor foreman who sexually harassed Singleton and Collier. Around July 12, 2006, the labor foreman put his hand between Sander's legs. Sanders also saw the labor foreman touch Collier's and Singleton's breasts, saw the labor foreman touch at least one other similarly situated female employee in a sexually inappropriate manner, and heard him make comments about the female employees' buttocks and breasts. Sanders complained to Defendant Alternative Staffing's office manager about the sexual conduct and comments she and other females were being subjected to. Sanders asked to be transferred to another worksite because of the harassment, but her request was denied. Despite Sanders' complaints, she continued to be subjected to the unwelcome sexual harassment.

8

17.     On or about July 12, 2006, Defendant Alternative Staffing engaged in an unlawful

employment practice in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a).

Specifically, after receipt of notification of the sexual harassment of Shequann Singleton, Tasha

Collier, and Tomeka Sanders and other similarly situated female employees, Defendant

Alternative Staffing failed to take appropriate remedial action to stop the sexual harassment,

failed to act in the face of known intolerable work conditions (including continuous sexual

comments, requests for sexual favors and/or sexual touching), and failed to provide the women

with an alternative work assignment such that they would be removed from the sexually

harassing work environment.  It was therefore reasonably foreseeable that Singleton, Collier and

Sanders would resign, and they in fact resigned on or about July 12, 2006.  The actions of

Defendant Alternative Staffing resulted in the constructive discharge of Singleton, Collier, and

Sanders.

18.     Defendant Clancy & Theys acted as a third-party interferer pursuant to Title VII,

42 U.S.C. §§ 2000e, *et seq*. Specifically, Defendant Clancy & Theys interfered with Shequann

Singleton, Tasha Collier, Tomeka Sanders and other similarly situated females' employment

opportunities with Defendant Alternative Staffing and Defendant Clancy & Theys by subjecting

Singleton, Collier, Sanders and the other similarly situated females to a sexually hostile work

environment.  Defendant Clancy & Theys further interfered with the employment opportunities

of Singleton, Collier, and Sanders when an agent of Defendant Clancy & Theys stated he did not

want the women to return to work for Defendant Clancy & Theys in response to notification of

the complaints of sexual harassment.

19.     The effect of the practices complained of above have been to deprive Shequann

Singleton, Tasha Collier, Tomeka Sanders and other similarly situated females of equal

employment opportunities and otherwise adversely affect their status as employees because of their sex, female.

20.     The unlawful employment practices complained of above were intentional.

21.     The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Shequann Singleton, Tasha Collier, Tomeka Sanders and other similarly situated females.

PRAYER FOR RELIEF

A.     Grant a permanent injunction enjoining Defendant Alternative Staffing, Inc., its officers, successors, assigns, and all persons in active concert or participation with it, from creating or maintaining a sexually hostile work environment or any other employment practice which discriminates on the basis of sex.

B.     Grant a permanent injunction enjoining Defendant Clancy & Theys Construction Company, its officers, successors, assigns, and all persons in active concert or participation with it, from creating or maintaining a sexually hostile work environment or any other employment practice which discriminates on the basis of sex.

C.     Order Defendant Alternative Staffing, Inc. to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and which eradicate the effects of its past and present unlawful employment practices, including but not limited to a policy, practice and/or program that mandates the immediate reassignment of an employee who requests such reassignment because she or he has been subjected to inappropriate sexual conduct and/or comments at the assigned worksite.

D.      Order Defendant Clancy & Theys Construction Company to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and which eradicate the effects of its past and present unlawful employment practices.

E.      Order Defendant Alternative Staffing, Inc. to make whole Shequann Singleton, Tasha Collier, and Tomeka Sanders by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practice, including but not limited to reinstatement.

F.      Order Defendant Clancy & Theys to make whole Shequann Singleton, Tasha Collier, and Tomeka Sanders by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practice, including but not limited to reinstatement.

G.      Order Defendant Alternative Staffing, Inc. to make whole Shequann Singleton, Tasha Collier, Tomeka Sanders and other similarly situated females by providing compensation for pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

H.      Order Defendant Clancy & Theys Construction Company to make whole Shequann Singleton, Tasha Collier, Tomeka Sanders and other similarly situated females by providing compensation for pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

I.      Order Defendant Alternative Staffing, Inc. to make whole Shequann Singleton, Tasha Collier, Tomeka Sanders and other similarly situated females by providing compensation for non-pecuniary losses resulting from the unlawful practices complained of above, including

but not limited to emotional distress, suffering, stress, inconvenience, loss of enjoyment of life,

humiliation, loss of self-esteem, and loss of civil rights in amounts to be determined at trial.

J.      Order Defendant Clancy & Theys Construction Company to make whole

Shequann Singleton, Tasha Collier, Tomeka Sanders and other similarly situated females by

providing compensation for non-pecuniary losses resulting from the unlawful practices

complained above, including but not limited to emotional distress, suffering, stress,

inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem, and loss of civil rights

in amounts to be determined at trial.

K.      Order Defendant Alternative Staffing, Inc. to pay Shequann Singleton, Tasha

Collier, Tomeka Sanders and other similarly situated females punitive damages for its malicious

and reckless conduct, as described above, in amounts to be determined at trial.

L.      Order Defendant Clancy & Theys Construction Company to pay Shequann

Singleton, Tasha Collier, Tomeka Sanders and other similarly situated females punitive damages

for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

M.      Grant such further relief as the Court deems necessary and proper in the public

interest.

N.      Award the Commission its costs of this action.

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its complaint.

12

DATED this the 6th day of August 2009.

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
131 M. Street, N.E.
Washington, D.C.  20507

LYNETTE BARNES
Regional Attorney

TINA BURNSIDE
Supervisory Trial Attorney


 s/ Mary Ryerse
MARY M. RYERSE (Fed. Bar. No 9604)
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
e-mail: mary.ryerse@eeoc.gov
Charlotte District Office
129 W. Trade Street, Suite 400
Charlotte, North Carolina 28202
Telephone: 704.344.6873
Facsimile: 704.344.6780

ATTORNEYS FOR PLAINTIFF